**Albert T. EHLERS, Plaintiff-Appellant,**

v.

**Devon BOGUE, R. H. Hitchcock, Bruce T. Wood, Thomas E. Bennett and Tom Woolsey, Defendants-Appellees.**

No. 80–7205

Summary Calendar.

United States Court of Appeals,
Fifth Circuit.
Unit B

Oct. 2, 1980.

Rehearing Denied Nov. 20, 1980.

Albert R. Ehlers, pro se.

Guy Parker, Associate County Atty., Atlanta, Ga., for defendants-appellees.

Before RONEY, FRANK M. JOHNSON, Jr., and HENDERSON, Circuit Judges.

PER CURIAM:

The question raised by this appeal from summary judgment for the defendants is whether county health inspectors violated plaintiff's constitutional rights under the Fourth and Fourteenth Amendments when they conducted inspections of the outside of plaintiff's apartment building without a warrant or his consent. We affirm the holding of the district court that the inspection was valid under the "open fields" doctrine as applied in *Air Pollution Variance Board v. Western Alfalfa Corp.,* 416 U.S. 861, 94 S.Ct. 2114, 40 L.Ed.2d 607 (1974).

The facts are undisputed. While conducting a routine inspection for violations of Fulton County Health Department Regulation No. 16, dealing with rat and rat-borne disease control, a county health inspector made a visual inspection of the exterior of an apartment building which plaintiff owns but in which he does not reside and of a refuse dumpster located on

the premises. The warrantless inspection was made without seeking or receiving the consent of the plaintiff. At no time did the inspector enter the building. When reinspection in the same manner revealed that the conditions had not been corrected, plaintiff was charged with violations of the ordinance.

Plaintiff, an attorney, brings this suit *pro se* for damages under 42 U.S.C.A. § 1983 alleging that the inspections violated his constitutional rights. He contends that under the Fourth Amendment, as applied through the Fourteenth, a county health official may not enter onto private business property without a warrant or the consent of the owner in the absence of exigent circumstances.

The Fourth Amendment protects persons against unreasonable government searches and seizures. There is no Fourth Amendment protection, however, against observation by a public official of what is observable by the general public. *See Marshall v. Barlow's, Inc.*, 436 U.S. 307, 315, 98 S.Ct. 1816, 1822, 56 L.Ed.2d 305 (1978).

This concept, known as the "open fields" doctrine, was applied in a very similar case, *Air Pollution Variance Board v. Western Alfalfa Corp.*, 416 U.S. 861, 94 S.Ct. 2114, 40 L.Ed.2d 607 (1974). There the Supreme Court held that no Fourth Amendment violation occurred when a health inspector entered Western Alfalfa's outdoor premises without a warrant and without its knowledge or consent to make visual tests of the smoke being emitted from its chimney. The Supreme Court noted that although the health official was on Western Alfalfa's private property, there was no showing that he was on premises from which the general public was excluded. In such circumstances the invasion of privacy was said to be at most abstract and theoretical.

The present case is governed by *Western Alfalfa*. The health inspectors here did not enter plaintiff's apartment building but only visually inspected its exterior and the immediately surrounding grounds. These areas were easily accessible and visible to the general public and the inspectors did not stray into any area from which the general public was excluded. Even if defendants technically trespassed on plaintiff's property, a trespass does not of itself constitute an illegal search. *Monnette v. United States*, 299 F.2d 847, 850 (5th Cir. 1962). In such a situation, Fourth Amendment protections simply do not apply.

AFFIRMED.