Frank BALL, Petitioner-Appellant,

v.

STATE OF GEORGIA,
Respondent-Appellee.

No. 83–8688
Non-Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

June 11, 1984.

J. Dunham McAllister, Jonesboro, Ga., for petitioner-appellant.

Mary Beth Westmoreland, Asst. Atty. Gen., Atlanta, Ga., for respondent-appellee.

Before HATCHETT, ANDERSON and CLARK, Circuit Judges.

HATCHETT, Circuit Judge:

In this civil proceeding, we review the district court's order denying petitioner, Frank Ball's, petition for habeas corpus relief pursuant to 28 U.S.C.A. § 2254 (West 1977). We affirm.

Facts

On October 21, 1978, petitioner, Frank Ball, became angry with his daughter and several of her friends because they were tying up the telephone. Subsequently, Ball was forced to ride home from the golf course with a friend because he was unable to reach his wife by calling his house.

When Ball arrived home, a neighbor's bicycle was parked in front of the house. Ball went into his house, disconnected the telephone, went outside, and threw the telephone into the yard. As a result, the telephone became entangled in the rear wheel of a bicycle owned by Darlene Sharp, a friend of Ball's daughter. Ball attempted to untangle the spokes of the bicycle and the telephone cord, but was unable to do so. He then threw the bicycle to the ground, damaging the wheel. He then picked up the telephone and went into his house.

Darlene Sharp carried her bicycle home and showed it to her mother, father, and a neighbor who was at her home when she arrived. The neighbor called the police.

Officer William Putnam of the Clayton County Police Department, while on routine patrol, answered a call pertaining to vandalism of a bicycle. Officer Putnam arrived at Sharp's house and asked her who vandalized her bicycle. Sharp told Officer Putnam that "Mr. Ball" damaged the bicycle. She gave Officer Putnam directions to Ball's home, but was unable to recall Ball's full name.

Immediately thereafter, Officer Putnam went to Ball's home to investigate the incident. While there, Officer Putnam remained on the porch although invited inside by Ball. Ball told Officer Putnam that he knew about the telephone and bicycle incident. When Ball discovered that Officer Putnam did not have a warrant, Ball told Officer Putnam that he was going to call his lawyer and went upstairs. Officer Putnam responded, "Sir, I still need to get your full name."

Putnam heard noises and then saw Ball holding a six-inch blue steel revolver at the top of the stairs. Putnam drew his weapon and told Ball that he would "blow him away" if he did not put the weapon down.

Ball backed behind a wall and aimed the gun around the corner of the wall directly at Officer Putnam. Officer Putnam then fired into the wall behind which Ball was standing. Ball fired three shots at Putnam. As a result of these shots, Officer Putnam was struck once in the neck, once in the shoulder, and once in the ribs.

On November 30, 1978, Ball was indicted by the Grand Jury of Clayton County for aggravated assault on a police officer. At trial, a jury found Ball guilty as charged. The court denied Ball's motion for a new trial.

After exhausting his state remedies, Ball filed a petition for habeas corpus relief in the district court. The magistrate examined the record and concluded that the sole issue presented by the petition was a challenge to the sufficiency of the evidence to support the conviction. Relying on the standard articulated by the Court in *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), the magistrate concluded that the evidence was sufficient to support Ball's conviction.

Ball objected to the magistrate's report and recommendation on the ground that Ball's petition presented a fourth amendment claim which had not been considered. The district court declared Ball's "implied constitutional argument" meritless. The court, thereafter, entered an order and judgment denying the writ.

### Issue

The sole issue on review is whether the evidence was sufficient for a rational trier of fact to conclude that Ball was guilty of aggravated assault upon a police officer.

### Discussion

Ball contends that his conviction should be set aside because his conduct was protected by the fourth amendment to the United States Constitution. Ball further argues that the police officer's presence on his property constituted an unwarranted and illegal invasion by the police. Thus, Ball submits that whether he pointed his pistol at the police officer makes no difference in resolving this case because he has a right to point a pistol at anyone who has no legal right to be on his property. We hold that the district court correctly concluded that Ball's fourth amendment claim is meritless.

In reviewing Ball's sufficiency of the evidence claim, the relevant question is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); *Dobbert v. Strickland*, 718 F.2d 1518, 1525 (11th Cir.1983).

■ The record reveals that Officer Putnam approached Ball's residence to investigate Darlene Sharp's complaint that Ball damaged her bicycle. Ball told Officer Putnam that he was going to call his lawyer and proceeded up the stairs. Soon thereafter, Officer Putnam saw a blue revolver at the top of the stairs. Putnam ordered Ball to put the gun down, but Ball hid behind a wall and pointed his gun directly at Officer Putnam. In self defense, Officer Putnam shot into the wall. Ball fired three shots injuring Officer Putnam who was standing outside the door of Ball's home.

After reviewing these facts in a light most favorable to the prosecution, we conclude that the evidence was clearly sufficient to support the verdict. Furthermore, we hold that the district court correctly concluded that the record is barren of any evidence of a fourth amendment violation that would justify Ball's aggravated assault on Putnam, a police officer.

■ Two requirements must be met before a person may successfully prevail on a fourth amendment claim. First, the party asserting his fourth amendment rights must establish that a search and seizure occurred of his person, house, papers, or effects, and that said search was conducted

by an agent of the government; stated differently, there must be an invasion of the claimant's reasonable expectation of privacy. *Katz v. United States*, 389 U.S. 347, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967); *United States v. Bachner*, 706 F.2d 1121 (11th Cir.1983). Second, the claimant must establish that the challenged search and seizure was "unreasonable," because all searches and seizures are not proscribed by the fourth amendment. *Elkins v. United States*, 364 U.S. 206, 222, 80 S.Ct. 1437, 1446, 4 L.Ed.2d 1669 (1960). Both of the aforementioned requirements are separate and distinct, and both must be met before a violation of an individual's rights guaranteed by the fourth amendment can occur. *Rawlings v. Kentucky*, 448 U.S. 98, 112, 100 S.Ct. 2556, 2565, 65 L.Ed.2d 633 (1980).

■ One who asserts that his rights were violated under the fourth amendment has the burden of alleging and, if challenged, of establishing the aforementioned requirements. *United States v. Bachner*, 706 F.2d 1121, 1125 (11th Cir.1983).

Ball does not contend that Officer Putnam, while standing in front of his home, seized either Ball's person, house, papers, or effects. Moreover, Ball fails to state what was searched by Officer Putnam. It, therefore, is not clear what conduct Ball complains of.

■ Assuming, however, that Officer Putnam's presence in front of Ball's home constituted a search or an invasion of Ball's reasonable expectation of privacy within the meaning of the fourth amendment, the challenged search was not illegal or "unreasonable." Ball implicitly consented to Officer Putnam's presence on his property when he invited him into his home. Correspondingly, Officer Putnam did not violate Ball's fourth amendment rights merely by standing outside of Ball's home and asking Ball his full name. Ball has not established that Officer Putnam's conduct constituted an unreasonable search within the meaning of the fourth amendment.

■ Furthermore, even if Officer Putnam technically trespassed on Ball's property, "a trespass does not of itself constitute an illegal search." *Monnette v. Unit-*

*ed States*, 299 F.2d 847, 850 (5th Cir.1962); *Ehlers v. Bogue, et al.*, 626 F.2d 1314, 1315 (5th Cir. Unit B 1980). In such a situation, fourth amendment protections simply do not apply. *Id.* at 1315.

Ball has not directed this court's attention to any binding legal precedent to support his proffered fourth amendment defense to his aggravated assault conviction. We, like Ball, find no legal authority to justify or excuse Ball's conduct under the present circumstances.

Accordingly, we hold that the evidence was clearly sufficient to support the verdict, and that Ball's fourth amendment claim is powerless to vitiate Ball's conviction for aggravated assault on a police officer. We, therefore, affirm the district court's order denying Ball's petition for writ of habeas corpus.

AFFIRMED.