**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
August 16, 2013

Lyle W. Cayce
Clerk

No. 12-40842
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

LENNY SALINAS,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:11-CR-1167-1

Before WIENER, OWEN, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Lenny Salinas appeals his jury trial conviction on one count of possession with intent to distribute in excess of 100 kilograms of marijuana. He asserts that the district court erred in denying his motion to suppress. Regarding an appeal of suppression issues, we review questions of law de novo and questions of fact for clear error. *United States v. Cooke*, 674 F.3d 491, 493 (5th Cir. 2012).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

At the outset, we note that Salinas does not renew his challenge to the validity of the affidavits supporting the search warrants. An issue must be briefed to be preserved. FED. R. APP. P. 28(a)(9); *United States. v. Charles*, 469 F.3d 402, 408 (5th Cir. 2006). Salinas has therefore abandoned his challenge to the validity of the affidavits by failing to brief the issue.

Salinas challenges the district court's determination that the pickup truck and the horse trailer, where the marijuana was found, were not within the curtilage of the home at 2409 Alamo Street. He argues that law enforcement agents, who had not yet obtained a search warrant, violated his Fourth Amendment rights by entering the property without consent and conducting canine sniffs of these vehicles, which were in an area visible from the street. Salinas also contends that the agents conducted an improper knock-and-talk procedure when they ordered Laura Salinas (Laura) not to leave and proceeded to enter the property without consent. He asserts that his inculpatory statements were the product of violation of the Fourth Amendment right and thus must be suppressed as fruit of the poisonous tree.

When deciding whether a particular area is within the curtilage of the home, a court should look to the four factors set forth in *United States v. Dunn*, 480 U.S. 294, 301 (1987). These factors are applied to determine "whether the area in question harbors the intimate activity associated with the sanctity of a man's home and the privacies of life such that the area is so intimately tied to the home itself that it should be placed under the home's umbrella of Fourth Amendment protection." *Cooke*, 674 F.3d at 494 (internal quotation marks and citation omitted).

Located approximately 15 feet from the home, the pickup truck and horse trailer were close enough that *Dunn's* proximity factor weighs in Salinas's favor. However, as the area was not enclosed, was visible from the street, and was used for parking vehicles and equine-related activities, which are not "intimately tied to the home itself," *id.*, the remaining factors weigh in favor of a determination

that the area in question was not curtilage, but rather was an open field. *See Dunn*, 480 U.S. at 302-03; *Mack v. City of Abilene*, 461 F.3d 547, 554-55 (5th Cir. 2006). The district court did not reversibly err in determining that the area in question was an open field, not curtilage. *See Dunn*, 480 U.S. at 304.

The foregoing determination largely resolves the issues presented by this appeal. "[O]nly the curtilage, not the neighboring open fields, warrants the Fourth Amendment protections that attach to the home." *Oliver v. United States*, 466 U.S. 170, 180 (1984). "[T]here is no constitutional difference between police observations conducted while in a public place and while standing in the open fields." *Dunn*, 480 U.S. at 304.

We need only briefly address Salinas's challenge to the knock-and-talk procedure employed and the ensuing entry of the property. Salinas lacks standing to assert a violation of Laura's Fourth Amendment rights. *See United States v. Pack*, 612 F.3d 341, 347 (5th Cir. 2010); *Club Retro, L.L.C. v. Hilton*, 568 F.3d 181, 195 n.5 (5th Cir. 2009). Finally, law enforcement agents did not violate the Fourth Amendment by entering the open field of the property following the knock-and-talk encounter, even if they had not obtained consent. *See Cooke*, 674 F.3d at 495; *Ehlers v. Bogue*, 626 F.2d 1314, 1315 (5th Cir. 1980).

AFFIRMED.